UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| TAM STEVE NGUYEN, | Case No.: 17cv521 WQH (NLS) |
|---|---|
| Petitioner, | **REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [Dkt. No. 6]** |
| v. | |
| DANIEL PARAMO, WARDEN, | |
| Respondent. | |

Petitioner Tam Nguyen, proceeding pro se, filed this petition for writ of habeas corpus alleging that his due process rights were violated where no evidence supported the guilty finding he received in a prison disciplinary hearing. Respondent filed a motion to dismiss, arguing that Nguyen fails to state a federal habeas corpus claim. For the following reasons, the court **RECOMMENDS** that the district judge **GRANT** the motion to dismiss.

**Relevant Background.**

On October 11, 2015, Sergeant Poladian searched the prison cell that Nguyen shared with fellow inmate Kyle David. Pet'n, p.6. Poladian found a cell phone and a

charger hidden in David's pillow case located on his bunk in his personal area. *Id.* David admitted the contraband belonged solely to him and that Nguyen knew nothing about it. *Id.* Nguyen received a Rule Violation Report (RVR) for having constructive possession of dangerous contraband. *Id.*; Pet'n, Ex. A, p.1 (opinion by court of appeal).

On October 17, 2015, Senior Hearing Officer (SHO) Lieutenant Skelton held an administrative hearing. Pet'n, p.6. During the hearing Sergeant Poladian testified that when he went into the cell, the cell lights were turned off, David was behind a drawn curtain and Nguyen was on the toilet in the front of the cell. Pet'n, p.25. But Nguyen points out that those facts were not written in the RVR. Pet'n, pp.7, 23. Nguyen also called David as a witness, who testified that the contraband belonged to him and that Nguyen did not know anything about it. Pet'n, p.26.

SHO Skelton found Nguyen guilty of constructive possession of contraband based on the statement by the searching officer that the phone was in an area accessible to Nguyen. Pet'n, Ex. A, p.1. Nguyen was assessed a forfeiture of credits of 61 days. Pet'n, p.1. Nguyen appealed the decision through all levels of the California Department of Corrections and Rehabilitation (CDCR), and then sought habeas relief from the California courts. Pet'n, p.6.

In this federal Petition, Nguyen argues that the SHO misapplied California law when determining constructive possession, and that the guilty finding is not supported by any evidence. Pet'n, p.7.

**Discussion.**

Respondent argues that there is no federal habeas jurisdiction for this case because the Petition does not necessarily challenge the fact or duration of Nguyen's sentence. Specifically, Respondent argues that because Nguyen is serving an indeterminate life sentence, even if the RVR is overturned, it would not necessarily reduce the duration of his sentence. Respondent finds support in a recent Ninth Circuit decision:

///

///

2

> If the prisoner's claim challenges the fact or duration of the conviction or sentence, compliance with AEDPA is mandated, while if the claim challenges any other aspect of prison life, the prisoner must comply with the PLRA.
>
> ***
>
> [Here] [s]uccess on the merits of [Petitioner's] claim would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole. Under California law, the parole board must consider "[a]ll relevant, reliable information" in determining suitability for parole. Cal. Code Regs. tit. 15, § 2281(b). A rules violation is merely one of the factors shedding light on whether a prisoner "constitutes a current threat to public safety," *In re Lawrence*, 44 Cal. 4th 1181, 82 Cal. Rptr. 3d 169, 190 P.3d 535, 553 (Cal. 2008). Because the parole board has the authority to deny parole "on the basis of any of the grounds presently available to it," *Ramirez*, 334 F.3d at 859, the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole.

*Nettles v. Grounds*, 830 F.3d 922, 934-935 (9th Cir. 2016) (en banc). As such, a challenge to a RVR brought by a life prisoner "does not fall within the core of habeas corpus." *Id.* at 935 (internal quotations omitted).

Respondent argues that just like in *Nettles*, Nguyen is an indeterminately sentenced inmate. *See* Pet'n, pp.10, 13 (stating Nguyen was sentenced in 2004 to Life plus 25 to Life plus 14 years). Thus, resolving the RVR in his favor would not necessarily reduce the duration of his prison sentence and consequently any challenge to the RVR does not fall under habeas corpus jurisdiction. Instead, any challenge to the RVR would have to be brought under § 1983. *See Nettles*, 830 F.3d at 935 (stating a similar claim must be brought under § 1983).[1]

---

[1] According to *Nettles* this court would have to determine if the petition was amenable to being converted to a § 1983 complaint and would have to obtain the petitioner's consent before converting the habeas corpus petition to a civil action. *Nettles*, 830 F.3d at 936.

3

In response, Nguyen argues that he is a "youth offender" subject to California Senate Bill 261 and as such, he is deemed to have the "innate ability to achieve rehabilitation through positive programming and remaining disciplinary free." Opp'n, pp.1-2. He argues that "as a youth offender the suitability hearings are heavily skewed towards granting parole if there are no negative factors." *Id.* at 2. He also argues that his parole hearing date has been lengthened due to the loss of 61 days credit. *Id.* Nguyen also says that his "Youth Eligibility Parole Date" (YEPD) is in 2027. Pet'n, p.13.

Even if Nguyen is eligible for an earlier parole hearing under the youth offender statute, he would still not necessarily be entitled to either an immediate release from or a shorter stay in prison. That is because Nguyen received a life sentence, and under the guidelines for finding suitability for parole for life prisoners, the parole board could still deny relief based on other factors. *See Nettles*, 830 F.3d at 935 (citing Cal. Code Regs. Tit. 15, § 2281(b)); *see also Glass v. Kernan*, 2017 U.S. Dist. LEXIS 80645, at *5-*6 (C.D. Cal. Apr. 19, 2017) (stating that a youth offender sentenced to life but eligible for a youth offender parole hearing would not necessarily get a speedier release if a rule violation report was expunged from his record). While Nguyen's YEPD date may be in 2027 as opposed to his "Minimum Eligible Parole Date" (MEPD) of April 26, 2047 (Pet'n, p.13), the factors that determine his eligibility for parole remain the same. *See* Cal. Pen. Code § 3051 (implementing Senate Bill 261 and stating that youth offenders sentenced to an indeterminate sentence of 25 years to life are still subject to a hearing with the Board of Parole Hearings where the inmate's suitability for parole is reviewed).

As provided in *Nettles*, if the habeas petition is amenable to being converted to a § 1983 action, the court must get the petitioner's informed consent to convert the petition. *Nettles*, 830 F.3d at 936. But to be amenable to conversion the petitioner must "name[] the correct defendants and seek[] the correct relief." *Id.* Here, Nguyen directs his allegations toward the allegedly erroneous findings in the California courts as opposed to specific allegations against named Defendants. Accordingly, this court will not recommend that the petition be automatically converted to a civil rights complaint.

4

**Order.**

The court finds that Nguyen fails to state a claim cognizable on federal habeas review, and **RECOMMENDS** that the district judge **GRANT** the motion to dismiss and dismiss the Petition without prejudice to Nguyen pursuing this claim under § 1983.

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). **IT IS ORDERED** that no later than **August 25, 2017**, any party to this action may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections must be filed with the court and served on all parties no later than **September 5, 2017**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: August 3, 2017

Hon. Nita L. Stormes
United States Magistrate Judge